Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff
Maria Velazquez

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VELAZQUEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>TEK-COLLECT INCORPORATED d/b/a TEKCOLLECT, INC., and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. **'19CV2059 JM   MDD**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; and**<br><br>**(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Maria Velazquez individually and on behalf of all others similarly situated, brings this Class Action Complaint by and through attorney THE LAW OFFICES OF ANDREW P RUNDQUIST, in its claim for damages against Defendant T TEK-COLLECT INCORPORATED d/b/a TEKCOLLECT, INC., and DOES 1 through 10, inclusive.

### I.   INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II.   JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. This action arises out of Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## III.   PARTIES

5. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

6. Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State of Ohio.

7. Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

8. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code S 1788.2(c).   Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendant.

10. At all relevant times, each Defendant has committed acts, caused others to commit acts, ratified the commission of acts or permitted others to commit acts alleged herein and has made, caused, ratified or permitted others to make the untrue or misleading representations alleged herein.

11. Each reference herein to "Defendant," "Defendants" or a specifically named Defendant refers to each of the DOE defendants sued under fictitious names. Each reference herein to any act of "Defendant," "Defendants" or a specifically named

3

defendant shall mean that each Defendant acted individually and jointly with the other Defendants. Unless otherwise indicated, the use of any Defendant's name herein includes all agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers of that Defendant.

### IV.  FACTUAL ALLEGATIONS

12. On or about October 25th, 2018, Plaintiff is alleged to have incurred a financial obligation to The Oral Surgery & Dental Implant Specialists of San Diego.

13. The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

14. Plaintiff is informed and believes, and thereon alleges sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

15. On or about September 5th, 2019 Defendant sent a demand letter ("September Demand Letter") to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Defendant's "initial communication" per 15 U.S.C. § 1692g(a).

16. Defendant's September Demand Letter was "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

17. Defendant is a corporation located in Ohio and a third-party debt collector consistent with Cal. Civ. Code § 1812.700(a).

18. Defendant's September Demand Letter is the only communication Defendant sent to Plaintiff within 5 day of its initial communication with Plaintiff.

19. Defendant's September Demand Letter stated:

> **Creditor:**     The Oral Surgery & Dental Implant Specialist of San Diego

|         |         |
|---------|---------|
| Reference: | 107881 |
| Balance Due: | $487 |

20.  Defendant's September Demand Letter stated:

> **BALANCE VERIFICATION**
> Tek-Collect is conducting a balance verification audit to verify the accounts receivable balances for:
>
> Your Creditor: The Oral Surgery & Dental Implant Specialist Of San Diego
> 6386 Alvarado Ct. Suite 110
> San Diego, CA 92120
>
> Our client's records indicate that you have a past due balance of:
>
> AMOUNT DUE: $487.00

21.  Defendant's September Demand Letter stated:

> Please verify that the amount shown above is correct, sign the balance verification line below and return the notice to us at: P.O. Box 1269, Columbus, OH 43216.

22.  Defendant's September Demand Letter stated:

> Tek-Collect is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. Tek-Collect has been authorized by your creditor to continue the collection process if the full amount due remains unpaid.

23.  The bottom of Defendant's September Demand Letter contained a signature line:

> I verify the balance as correct: _____
>                                           Signature

**Defendant's September Demand Letter Confounds, Overshadows and Eviscerates Protections Afforded by the FDCPA and RFDCPA and Juxtaposes Plaintiff's Dispute Rights.**

24.  § 1692g requires that a debt collector include a validation notice either with, or within five days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with procedures under which a consumer may dispute a debt, require verification of a

debt, or obtain certain information about the original creditor within thirty days after receipt of the notice from a debt collector.

25.     The requirement the 30–day validation notice be free from statements that are inconsistent with, or overshadow, the information about the validation period was codified in 2006 by adding the following language to §1692g(b):

> Any collection activities and communications during the 30–day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

See Financial Services Regulatory Relief Act of 2006, Pub.L. 109–351, 120 Stat. (codified as amended at 15 U.S.C. § 1692g).

26.     Under the FDCPA this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the unsophisticated consumer. (*Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–19 (7th Cir.1997); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997)).

27.     When a notice contains language that "overshadows or contradicts" other language informing a consumer of its rights, the FDCPA is violated.   See *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991) ("the juxtaposition of two inconsistent statements" renders the notice invalid under § 1692g).

28.     In an attempt to contradict and dissuade Plaintiff from exercising her ability to exercise her rights Defendant's demand letter states in large, bold type

### BALANCE VERIFICATION

29.     Defendant's demand letter selectively states

> "...Tek-Collect is conducting a balance verification audit to verify the accounts receivable balances for:

"...Please verify that the amount shown above is correct, sign the balance verification line below and return the notice to us at: P.O. Box 1269 Columbus, OH 43216.

"I verify the balance as correct:_____
                                            Signature.

30.  A cursory glance of Defendant's letter confirms Defendant was not retained to conduct a fictional **BALANCE VERIFICATION** or **VERIFICATION AUDIT** or Defendant sincerely implored Plaintiff to **sign the balance verification line below**, but rather was attempting to limit the rights available to Plaintiff in a manner that creates a contradiction to confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g.

31.  Defendant implores Plaintiff to avow

**I verify the balance as correct: _____**
                                **Signature**

in a poorly disguised attempt to confuse Plaintiff's ability to properly exercise its dispute rights in writing and compel Defendant to provide verification of the debt.

32.  By including such language detailed in ¶¶20-31, Defendant used a false, deceptive, or misleading means in connection with the collection of Plaintiff's alleged debts.

33.  As such, Defendant violated 15 U.S.C. § 1692e and following subsections:

15 U.S.C. § 1692e(2)(A), which prohibits defendant falsely representing the character, amount, or legal status of any debt;

15 U.S.C. § 1692e(5), which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken;
15 U.S.C. § 1692e(9), which prohibits the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency

of the United States or any State, or which creates a false impression as to its source, authorization, or approval;

15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

34. And because Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a),1692e(5), 1692e(9) and1692e(10), Defendant also violated Cal. Civ. Code § 1788.17.

35. When taken in its entirety, the language used in the initial communication to Plaintiff by Defendant weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g, and subsequently, Cal. Civ. Code 1788.17, because it attempted to limit the rights available to Plaintiffs in a manner that creates a contradiction would confuse the least sophisticated consumer into disregarding his or her rights pursuant to the validation notice required in 15 U.S.C. § 1692g by stating and/or implying the communication had the sole purpose of **BALANCE VERIFICATION** and if the letters were read as such, Plaintiffs would be obliged to disregard their rights regarding their alleged debts.

36. By including such language detailed in ¶¶20-31, Defendant violated Cal. Civ. Code § 1788.13(h)

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
> (h) The false representation that collection letters, notices or other printed forms are being sent by or on behalf of a claim, credit, audit or legal department.

37. By including such language detailed in ¶¶20-31, Defendant violated Cal. Civ. Code § 1788.13(i)

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
> (i) The false representation of the true nature of the business or services being rendered by the debt collector.

**Failure to Provide California Consumer Collection Notice**

38. As discussed above, Defendant's September Demand Letter was "debt collection" as defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

39. Albeit defective, Defendant attempted to provide Plaintiff with the notice required by 15 U.S.C. § 1692g.

40. Defendant's demand letter states

> Tek-Collect has been authorized by your creditor to continue the collection process if the full amount due remains unpaid.

41. Cal. Civ. Code § 1812.700 states:

> (a) In addition to the requirements imposed by Article 2 (commencing with Section 1788.10 ) of Title 1.6C, third-party debt collectors subject to the federal Fair Debt Collection Practices Act ( 15 U.S.C. Sec. 1692 et seq. ) shall provide a notice to debtors that shall include the following description of debtor rights:
>
> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

(b) The notice shall be included with the first written notice initially addressed to a California address of a debtor in connection with collecting the debt by the third-party debt collector.

42. Defendant's initial written communication dated September 5th, 2019 failed to include the notice required by Cal. Civ. Code § 1812.700.

43. Per Cal. Civ. Code § 1812.702, Defendant's violation of California Consumer Collection Notice per Cal. Civ. Code § 1812.700 is a violation of the RFDCPA commencing with Cal. Civ. Code § 1788.

## V.   CLASS ALLEGATIONS

44. Plaintiffs bring this action on their own behalf, and on behalf of all others similarly situated (the Classes).

45. This action pleads the following class action allegations. Plaintiff defines **Class 1** as

(i) all persons with addresses within the state of California;

(ii) who were sent an initial written communication, as defined under Cal. Civ. Code §1812.700, which was similar or identical to Defendant's September 5th, 2019 Demand Letter;

(iii) to recover a consumer debt;

(iv) in which the initial written communication failed to provide the notice prescribed by Cal. Civ. Code §1812.700; and

(v) were not returned undelivered by the United States Postal Service.

46. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint.

47. For purposes of the Second Claim for Relief, the RFDCPA Claim, the class period is one year prior to the filing of this Complaint.

48. Plaintiffs define **Class 2** as

(i) all persons with addresses within the United States;

(ii) who were sent an initial written communication, as defined under 15 U.S.C. § 1692g, from Defendant in a form similar or identical to Defendant's September 5th, 2019 Demand Letter;

(iii) to recover a consumer debt;

(iv) and in which this initial written communication included language which weakened, and failed to comply with the notice required by 15 U.S.C. § 1692g (v) and which were not returned undelivered by the United States Postal Service. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint. For purposes of the Second Claim for Relief, the RFDCPA Claim, the class period is one year prior to the filing of this Complaint.

49. The Classes are composed of thousands of persons, the joinder of which would be impractical. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

50. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:

a. Whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

b. Whether Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq.;

c. Whether the Classes are entitled to the remedies available to Plaintiffs in the FDCPA;

d. Whether the Classes are entitled to the remedies available to Plaintiffs in the RFDPCA;

e. Whether the Classes are entitled to declaratory relief;

f. Whether the Classes are entitled to injunctive relief;

  g. Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

  h. Whether the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and

  i. Whether the Classes are entitled to any other remedies.

51. Plaintiffs will fairly and adequately protect the interests of the class.

52. Plaintiffs have retained counsel experienced in handling class claims and claims involving unlawful collection practices.

53. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

54. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under the RFDCPA.

55. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

56. Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VI. COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

57. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

59. As a result of each and every violation of the FDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II:
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

60. Plaintiffs, on behalf of themselves and the Classes they seek to represent, repeat, re-allege, and incorporate paragraphs 1 through 59.

61. Defendant violated Cal. Civ. Code § 1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j" of Title 15 United States Code (FDCPA).

62. Defendant violated Cal. Civ. Code § 1812.700 (a) in failing to include the required notice in their first written notice to Plaintiff.

63. Defendant violated Cal. Civ. Code § 1788 et seq., including, but not limited to, the violations mentioned herein.

64. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

65. As a result of each and every violation of the RFDCPA, Plaintiff, and the members of the Classes, are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

- That this action be certified as a class action on behalf of the Classes as requested herein;
- That Plaintiff be appointed as representative of the Classes;
- That Plaintiff's counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(B);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- Award the Class statutory damages in an amount not to exceed the lesser of five hundred thousand dollars ($500,000) or 1 percent of the net worth of each Defendant pursuant to Cal. Civil Code § 1788.07, for Defendant's violation of Cal. Civ. Code § 1788 and Defendant's violation of Cal. Civ. Code § 1812.700;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);

Dated: October 26th, 2019

Law Office of Andrew P Rundquist
By: /s/Andrew Rundquist
Attorney for Plaintiff